CADY, Chief Justice (dissenting).
I respectfully dissent and join the dissent by Justice Appel. I write separately to emphasize the important role of courts and how a statute that treats people differently *43 must not only have a rational basis, but one that fits the statute. See Varnum v. Brien , 763 N.W.2d 862, 879 (Iowa 2009) ("[T]he deference built into the rational basis test is not dispositive because this court engages in a meaningful review of all legislation challenged on equal protection grounds by applying the rational basis test to the facts of each case.").
The legislation at issue gives expansive collective bargaining rights to public safety employees, but very limited collective bargaining rights to other public employees. Our constitutional doctrine of equal protection recognizes that most all laws tend to discriminate in some way, so the focus of the analysis turns on whether the unequal treatment is properly justified. See NextEra Energy Res. LLC v. Iowa Utils. Bd. , 815 N.W.2d 30, 46 (Iowa 2012) (explaining a classification resulting in some inequality does not necessarily violate equal protection). If it is, the constitutional mandate of equal protection is not violated. Id.
The majority opinion finds a rational basis to justify the disparate treatment in this case from the special need to protect the public against the potential harm of labor unrest by public safety employees and to give special protection to public safety employees from the health and safety risks they face on the job. The premise is that public safety is a vital concern in Iowa and this concern supports special laws that give greater bargaining rights to public safety employees than other public employees to help keep them on the job, instead of engaging in strikes or becoming injured and unable to perform their jobs.
I agree with the conclusion in the majority opinion that the rational reasons identified are an adequate justification for disparate collective bargaining treatment among public employees. I also agree it is not the role of courts to find criticism of public policy based on disagreement over policy. Any such form of criticism, even implicit, has no place in the analysis by courts. Instead, the only role of the courts in the process is to decide if the discrimination is justified under the facts and circumstances.
In this case, the legislation offends our constitution. The problem with the law is not its purpose or justification to discriminate, but how the general assembly failed to apply this purpose in articulating the law. Instead of treating public employees differently by dividing them into one group of public safety employees and another group of other public employees, the general assembly passed a law giving different rights to public employees based on their membership in a collective bargaining agreement. The problem is that bargaining units in Iowa contain both public safety employees and other public employees. Thus, while the law purported to put public safety employees in a separate class based on a valid purpose, it created classifications by using bargaining units and permitted the bargaining units to contain up to seventy percent of persons who are not public safety employees. This means the statute enacted ended up giving many public employees rights of public safety employees and denied many public safety employees those rights.
This type of line drawing falls far too short of our constitution's demands. While line drawing can never be clean and can present a variety of obstacles, this case is not even close to a fair delineation. Moreover, there is simply no reason why the general assembly could not have drawn the lines to eliminate the unconstitutional distinctions. The law cannot purport to give needed special protection to one group of people and then allow that group to be populated by up to seventy percent of other people not included within the purpose.
*44 This approach is a bad fit and destroys the justification for the law.
If the line drawing needed to accomplish the stated purpose in this case were difficult to do, as it can be in some cases, leeway would exist. But, in truth, there is no reason it cannot be done in this case. Constitutional lines are clearly available. A collective bargaining statute in Wisconsin is one such example. See Wis. Educ. Ass'n Council v. Walker, 705 F.3d 640, 642-43 (7th Cir. 2013). Here, the line required by the constitution simply was not drawn. Id.
The majority opinion relies on Walker as its authority to support the constitutionality of the Iowa statute. That reliance is misplaced. Walker involved a Wisconsin statute that gave broader collective bargaining agreements to those public employees designated as public safety employees based on the same rationale used in this case. Id. at 655. Yet, unlike the Iowa statute, the Wisconsin statute divided public safety employees and other public employees into two separate groups. Id. at 642-43. Unlike the Iowa statute, the statute did not use percentages of public safety employees within a bargaining unit to allow for such dramatic overlap. Thus, the purpose of the statute fit the categories drawn, and this fit allowed the legislation to pass constitutional scrutiny. Id. at 654-57.
Accordingly, the Walker decision does not support the constitutionality of the statute in this case, and the majority opinion offers little more analysis. It only relies on the justification to discriminate and ignores the vast overinclusiveness and underinclusiveness of classifying employees based on membership in bargaining units. As a result, the Iowa statute ends up treating many similarly situated public employees in Iowa differently based solely on the bargaining unit they belong to and not for the reason the constitution would justify different treatment of public employees. Our constitution requires laws to treat similarly situated people equally unless there is an adequate reason otherwise. In this case, the overinclusiveness and underinclusiveness written into the statute drowned this reason out. Our constitutional form of government depends on courts to see it and demand better.
Wiggins, J., joins this dissent.